# EXHIBIT A

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

Shawn Fisher
Plaintiff

Case # _____

Judge _____

vs.

SurgCenter of Palm Beach Gardens LLC
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Noah E. Storch        Fla. Bar # 85476
       Attorney or party           (Bar # if attorney)

Noah E. Storch          02/21/2023
(type or print name)        Date

- 3 -

NOT A CERTIFIED COPY

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

SHAWN FISHER,

      Plaintiff,

CASE NO.:

vs.

SURGCENTER OF PALM BEACH
GARDENS LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SHAWN FISHER ("Ms. Fisher" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, SURGCENTER OF PALM BEACH GARDENS LLC. ("SC" or "Defendant"), a Florida limited liability company, and states as follows:

1. Plaintiff brings this action for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, declaratory and injunctive relief, her attorneys' fees and costs, and any other damages permitted by law.

### PARTIES

2. Plaintiff is an adult individual who performed services for Defendant in Palm Beach County, Florida.

3. SC is a Florida limited liability company which, at all times relevant, performed work in Palm Beach County, Florida.

4. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

NOT A CERTIFIED COPY

5. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

6. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

**JURISDICTION AND VENUE**

7. This is an action for damages exceeding $50,000.00, exclusive of attorneys' fees, interest, and costs.

8. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Defendant was located in, among other places, Palm Beach County, Florida, and Plaintiff performed work for Defendant in Palm Beach County, Florida, and for these reasons venue is proper in this Court as well.

**STATEMENT OF FACTS**

9. Ms. Fisher worked for SC as Administrator from February 14, 2021, until her termination on June 30, 2021.

10. Shortly after commencing employment with SC, Ms. Fisher discovered troubling and illegal behaviors being indulged in by one of the physician owners of SC's practice, Daniel Husted, M.D.

11. Specifically, Ms. Fisher learned that Dr. Husted was engaging in Medicare fraud and insurance fraud by manipulating prices on invoices depending not on the services provided, but on the insurance plan being invoiced.

12. The same services could and would be billed at wildly varying prices, depending on the insurer.

13. Ms. Fisher also discovered that Dr. Husted improperly received kickbacks from a local law firm for referrals, and from manufacturers of durable medical equipment and implants for utilizing their products, and that Dr. Husted indulged in self-referrals to urgent care clinics in which he had an interest, in violation of law.

14. On or about June 26, 2021, shortly after Ms. Fisher had identified the above-described violations of law, Ms. Fisher objected to her SC Regional Vice President, Linda Bradford, that SC's actions violated, *inter alia*, 18 U.S.C. § 1347, 42 U.S.C. § 1320a-7a, Fla. Stat. § 817.234, Rule 64B8-8.001 of the Florida Administrative Code, Fla. Stat. § 501.201, *et seq.*, the anti-kickback and ethical provisions of Fla. Stat. §§ 456.03 and 456.04, and 42 U.S.C. § 1395nn.

15. In response, on July 8, 2021, Ms. Bradford informed Ms. Fisher via written correspondence that SC had decided to terminate her employment, effective June 30, 2021.

16. Defendant terminated Plaintiff's employment because Plaintiff objected to and/or refused to participate in Defendant's violations of law.

17. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

18. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

19. The person or persons to whom Plaintiff voiced her objections to Defendant's violations of law was or were decision-makers in terms of retaliating against Plaintiff by terminating her employment.

20. There is a very close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's violations of law and her termination.

21.     Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

22.     As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

23.     Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Ms. Fisher as a whistleblower under the law.

24.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

25.     Plaintiff was terminated in direct retaliation for reporting and objecting to and/or refusing to participate in Defendant's unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

26.     Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

27.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

28. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-27 of the Complaint as if fully set forth herein.

29. On June 30, 2021, Defendant terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

30. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, and/or for refusing to participate in same.

31. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and/or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

32. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 21st day of February, 2023.

Respectfully submitted,

By: */s/Noah E. Storch*

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

Filing # 167258664 E-Filed 02/21/2023 05:20:15 PM

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

**CASE NO.:**

SHAWN FISHER, an individual,

      Plaintiff,

v.

SURGCENTER OF PALM BEACH GARDENS LLC,
a Florida Limited Liability Company

      Defendant.

_____/

## SUMMONS
## PERSONAL SERVICE
## ON A CORPORATION

TO:   **CT CORPORATION SYSTEM – REGISTERED AGENT**
      **1200 SOUTH PINE ISLAND ROAD**
      **PLANTATION, FL 33324**

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

NOT A CERTIFIED COPY

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

> Noah E. Storch, Esq.
> Florida Bar No. 008547
> RICHARD CELLER LEGAL, P.A
> 10368 W. State Road 84, Ste 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

> Noah E. Storch, Esq.
> Florida Bar No. 008547
> RICHARD CELLER LEGAL, P.A
> 10368 W. State Road 84, Ste 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON _____

> _____JOSEPH ABRUZZO_____
> CLERK OF THE CIRCUIT COURT
> & COMPTROLLER
> PALM BEACH COUNTY, FLORIDA

By: _____
     Deputy Clerk

2

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

NOT A CERTIFIED COPY

3

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
4786748

Printed On:
02/22/2023 09:09
Page 1 of 1

| Receipt Number: 4786748 - Date 02/22/2023  Time 9:09AM | |
|---|---|
| Received of: | Noah E. Storch<br>2257 Lynx Avenue<br>DAVIE, FL 33324 |

| Cashier Name: | ADMIN | Balance Owed: | 411.00 |
|---|---|---|---|
| Cashier Location: | E-Filing | Total Amount Paid: | 411.00 |
| Receipt ID: | 11160756 | Remaining Balance: | 0.00 |
| Division: | AI: Circuit Civil Central - AI(Civil) | | |

**Case# 50-2023-CA-001593-XXXX-MB -- PLAINTIFF/PETITIONER: FISHER, SHAWN**

| Item | Balance | Paid | Bal Remaining |
|---|---|---|---|
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

**Payments**

| Type | Ref# | Amount |
|---|---|---|
| EFiling_CREDITCARD | 6566345 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

**502023CA001593XXXXMB AI**

SHAWN FISHER, an individual,

      Plaintiff,

v.

SURGCENTER OF PALM BEACH GARDENS LLC,
a Florida Limited Liability Company

      Defendant.

_____/

### SUMMONS
### PERSONAL SERVICE
### ON A CORPORATION

TO:   **SURGCENTER OF PALM BEACH GARDENS LLC**
      **CT CORPORATION SYSTEM – REGISTERED AGENT**
      **1200 SOUTH PINE ISLAND ROAD**
      **PLANTATION, FL 33324**

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

NOT A CERTIFIED COPY

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

Noah E. Storch, Esq.
Florida Bar No. 008547
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

Noah E. Storch, Esq.
Florida Bar No. 008547
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON **Feb 22 2023**

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT
& COMPTROLLER
PALM BEACH COUNTY, FLORIDA

By.

Deputy Clerk

**JOSIE LUCCE**

2

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

3

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements.  Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
4787922

Printed On:
02/22/2023 02:54
Page 1 of 1

| Receipt Number: 4787922 - Date 02/22/2023  Time 2:54PM | |
|---|---|

| Received of: | Noah E. Storch<br>2257 Lynx Avenue<br>DAVIE, FL 33324 | | |
|---|---|---|---|
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 11162013 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2023-CA-001593-XXXX-MB -- PLAINTIFF/PETITIONER: FISHER, SHAWN | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFiling_CREDITCARD | 6570871 | 10.00 |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



Court Stamp Here

# RETURN OF SERVICE

| Court | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA | | |
|---|---|---|---|
| Plaintiff | **SHAWN FISHER, AN INDIVIDUAL** | Case # | **502023CA001593XXXXMB AI** |
| Defendant | **SURGCENTER OF PALM BEACH GARDENS LLC, A FLORIDA LIMITED LIABILITY COMPANY** | Hearing Date | |
| Person to be Served | **SURGCENTER OF PALM BEACH GARDENS LLC c/o CT Corporation System, REGISTERED AGENT** | Came to Hand Date/Time | **2/22/2023      6:26 PM** |
| Manner of Service | **Corporate** | Service Date/Time | **2/23/2023      9:28 AM** |
| Documents | **SUMMONS;STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSIONS OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES;COMPLAINT** | Service Fee | **$56.50** |

On **2/23/2023** at:
**1200 South Pine Island Road, Plantation, FL 33324** I served **SURGCENTER OF PALM BEACH GARDENS LLC c/o CT Corporation System, REGISTERED AGENT** by:

Leaving **1** copy(ies) of this process with **Monica Myrick**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Monica Myrick who indicated they were the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'4"-5'6" tall and weighing 120-140 lbs**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NOT A CERTIFIED COPY

| | | |
|---|---|---|
| Joseph S Marker | **613 / 613**<br>Process Server ID | 02/23/2023<br>Date Executed |

Ref  **Fisher, Shawn**

Tracking # **0101677172**



 **Richard Celler Legal P.A.**



IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

SHAWN FISHER,

    Plaintiff,

v.                                Case No: 50-2023-CA-001593

SURGCENTER OF PALM BEACH
GARDENS LLC,
A Florida Limited Liability Company,

    Defendant.

_____/

**DEFENDANT'S ANSWER TO COMPLAINT & DEMAND FOR JURY TRIAL**

Defendant SURGCENTER OF PALM BEACH GARDENS LLC ("Defendant"), by and through its undersigned counsel, hereby serves its Answer and Defenses to the Complaint & Demand for Jury Trial ("Complaint") of Plaintiff SHAWN FISHER ("Plaintiff"), and states as follows:

1. Defendant acknowledges the allegations in paragraph1, but denies that Plaintiff is entitled to any of the damages or relief that she is seeking in this case.

**PARTIES**

2. Defendant denies the allegation in paragraph 2.

3. Defendant admits the allegation in paragraph 3.

4. Defendant admits the allegation in paragraph 4.

5. Defendant denies the allegation in paragraph 5.

6. Defendant denies the allegation in paragraph 6.

**JURISDICTION AND VENUE**

7. Defendant acknowledges the allegation in paragraph 7, but denies that Plaintiff is

NOT A CERTIFIED COPY

entitled to any of the damages or relief that she is seeking in this case.

8.      Defendant admits the allegation in paragraph 8.

## STATEMENT OF FACTS

9.      Defendant denies the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant acknowledges Plaintiff's citation to *Avery*, but denies it is applicable to Plaintiff's circumstances.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant acknowledges Plaintiff's allegation, but denies that Plaintiff is entitled

NOT A CERTIFIED COPY

2

to any attorneys' fees in this case.

## COUNT 1
## FLORIDA's PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

28.     Defendant re-assert and incorporates is responses to the allegations contained within Paragraphs 1-27 of the Complaint as if fully set forth herein.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

Defendant acknowledges Plaintiff's requests as set forth in the "Wherefore" paragraph, but denies that Plaintiff is entitled to any of the damages or relief that she is seeking in this case.

## DEMAND FOR JURY TRIAL

Defendant acknowledges that Plaintiff has demanded a jury trial, but denies that she is entitled to one in this case.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Defendant denies all allegations in Plaintiff's Complaint that are not expressly admitted in this Answer.  Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses Insofar as any of the following express denial of an element of the claim alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of such claim. Defendant does not assume the burden on any defense asserted that is adjudged not to be an affirmative defense, whether listed here or not.

## FIRST DEFENSE

Plaintiff has sued an improper party.

3

## SECOND DEFENSE

The Defendant named herein was not Plaintiff's employer.

## THIRD DEFENSE

Plaintiff's entitlement to damages, if any, is barred in whole or in part by her failure to mitigate her alleged damages.

## FOURTH DEFENSE

Plaintiff's claim for damages, or a portion thereof, may be barred by the doctrine of after-acquired evidence to the extent that Defendant learns, through discovery or otherwise, of additional acts by Plaintiff that would have resulted in the termination of her employment or her failure to be hired in the first place.

## FIFTH DEFENSE

To the extent Plaintiff has failed to satisfy or exhaust any administrative prerequisites to maintain this action or any claim asserted herein, such claim must be dismissed.

## SIXTH DEFENSE

On information and belief, Plaintiff has brought this claim in bad faith.

## SEVENTH DEFENSE

Plaintiff cannot establish but-for causation in this case.

## EIGHTH DEFENSE

Plaintiff cannot establish an actual violation of law.

## DEFENDANT'S CONCLUSION AND PRAYER

Wherefore, premises consider, Defendant prays that Plaintiff's claim against it will be dismissed with prejudice and that Plaintiff will take nothing in this case. Defendant also prays for such other and further relief to which it may be entitled.

Dated: March 15, 2023

Respectfully submitted,

*/s/ Michael D. Mitchell*

4

Michael D. Mitchell, Esq.
Florida Bar No. 1011056
michael.mitchell@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.**
Two Datran Center
9130 South Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone: (305) 455-3701
Cell: (305) 374-0456

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2023, I electronically filed the

foregoing with the Court's CM/ECF system, which will send an electronic copy to the following:

Noah E. Storch, Esq
**RICHARD CELLER LEGAL, P.A.**
10368 W. State RD. 84, Suite 103
Davie, Florida 33324
noah@floridaovertimelawyer.com

*Attorney for Plaintiff*

/s/ *Michael D. Mitchell*
Michael D. Mitchell, Esq.

44388506.1

5